MEMORANDUM OF DECISION
This case presents a petition for the termination of the parental rights of Michelle R. and John Doe, the biological parents of one minor child, Mason R, born on December 2000. Neglect petitions were filed with respect to the child on January 2, 2001. The child was committed to the care of the Department of Children and Families (hereafter "DCF") on February 1, 2001. The child has been in foster care since January 2, 2001.
On August 23, 2001, the mother consented to the termination of her parental rights in open court. She filed a written consent on that date. The court found that the mother voluntarily and knowingly consented to the termination of her rights, having received the advice and assistance of competent legal counsel and having understood the consequences of her actions. Her consent was accepted by the court.
The court finds that the father of Mason R, a John Doe, was notified of the pendency of this action by publication in The Hartford Courant, a newspaper with statewide circulation, on August 7, 2001. No individual has come forward to claim paternity of Mason R. and no one appeared at trial. The court finds that notice has been given in accordance with the Conn. Gen. Stat. and the Practice Book. No counsel was appointed for the unknown father, as to do so would serve no purpose. The court has jurisdiction in this matter; there is no pending action affecting custody of the child in any other court. The court finds that no efforts were made to reunify the father with his child as the father is unknown. The petition has been amended to allege as the sole ground for termination of the mother, Michelle R., her consent to the termination. The court having read the verified petition and the social study, makes the following findings by clear and convincing evidence.
The identity of the father has never been disclosed by this child's mother, and he remains unknown. The court finds that DCF has made reasonable efforts to ascertain his identity and whereabouts. The court further finds that the unknown father has never been available to this child so that he could develop a relationship with him. No father has ever come forward to claim any paternity.
The child is an infant who has been in DCF's care since January 2, 2001. No one has made any effort to contact DCF to determine the whereabouts or welfare of his child.
 Required Findings
The court makes the following factual findings required by Conn. Gen. Stat. § 17a-112 (e) as to the father, John Doe, which findings are CT Page 11846 made upon clear and convincing evidence:
1. (Finding regarding the timeliness, nature and extent of services offered or provided to the parent and the child by an agency to facilitate the reunion of the child with the parent.)
The father has been unknown since the commencement of the department's involvement in this case. It was not possible to offer services for reunification to the father as he has never come forward to claim this child.
2. (Finding regarding whether the Department of Children and Families has made reasonable efforts to reunite the family pursuant to the Federal Child Welfare Act of 1980, as amended.)
DCF has not made reasonable efforts as to the father as his identity is unknown.
3. (Finding regarding the terms of any applicable court order entered into and agreed upon by any individual or agency and the parent, and the extent to which all parties have fulfilled their obligations under such order.)
No expectations were ever set for the father as his identity is unknown and to do so would be a useless act.
4. (Finding regarding the feelings and emotional ties of the child with respect to his/her parents, any guardian of his/her person and any person who has exercised physical care, custody or control of the child for at least one year and with whom the child has developed significant emotional ties.)
The child has strong emotional ties with the foster family who have provided the physical, emotional and educational support this child needs. Mason R. clearly has no emotional ties to his unknown biological father.
5. (Finding regarding the age of the child.)
Mason is eight months old.
6. (Finding regarding the efforts the parent has made to adjust his/her circumstances, conduct, or conditions to make it in the best interest of the child to return him/her to his/her home in the foreseeable future, including, but not limited to: (A) the extent to which the parent has maintained contact with the child as part of an effort to reunite the CT Page 11847 child with the parent, provided the court may give weight to incidental visitations, communications or contributions and (B) the maintenance of regular contact or communication with the guardian or other custodian of the child.)
The unknown father has done nothing to adjust his circumstances to make it in the best interests of the child to be returned to him.
7. (Finding regarding the extent to which a parent has been prevented from maintaining a meaningful relationship with the child by the unreasonable act or conduct of the other parent of the child, or the unreasonable act of any other person or by the economic circumstances of the parent.
There is no evidence that the unreasonable act or conduct of DCF personnel or any other person prevented the respondent father from maintaining a meaningful relationship with his child. DCF has taken all reasonable steps to ascertain the father's identity and to notify him as required by law.
 Adjudication
The mother of Mason R. has consented to the termination of her rights to her child and the consent has been accepted by the court. No findings are necessary to be made pursuant to Conn. Gen. Stat. § 17a-112 due to her consent. With respect to the statutory grounds for termination of parental rights of John Doe, the court finds by clear and convincing evidence the child has been abandoned by the father in the sense that the father failed to maintain a reasonable degree of interest, concern, or responsibility as to the welfare of the child.
 Disposition
Based upon the foregoing findings, the court determines that it is in the best interests of to terminate the rights of his biological father, John Doe, to him. A termination of the parental rights of Michelle R. and John Doe is ordered. It is further ordered that the Commissioner of the Department of Children and Families be appointed the statutory parent for the child for the purpose of securing an adoptive family and a permanent placement for the child. The Commissioner shall file with this court a written report of efforts to effect such permanent placement by September 25, 2001, and file further reports as are required by state and federal law.
Swienton, J. CT Page 11848